# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 08-763V
**Filed: March 27, 2014**

| | |
|---|---|
| * * * * * * * * * * * * * * * | UNPUBLISHED |
| WENDY N. STRAND, as parent and legal     * | |
| representative of her minor daughter, A.R.C.,   * | Special Master Dorsey |
|                                  * | |
|             Petitioner,           * | Joint Stipulation on Damages; |
|                                  * | Diptheria-Tetanus-Acellular |
| v.                                * | Pertussis (DTaP) Vaccine; Inactive |
|                                  * | Polio Virus (IPV) Vaccine; Measles- |
| SECRETARY OF HEALTH          * | Mumps-Rubella (MMR) Vaccine; |
| AND HUMAN SERVICES,          * | Haemophilus Influenzae Type B |
|                                  * | (Hib) Vaccine; Pneumococcal |
|             Respondent.       * | 7-Valent Conjugate (PCV) Vaccine; |
|                                  * | Permanent Spastic Tetraparesis; |
| * * * * * * * * * * * * * * * | Leukodystrophy. |

Ramon Rodriguez, Rawls, McNelis & Mitchell, P.C., Richmond, VA, for petitioner.
Tara J. Kilfoyle, United States Department of Justice, Washington, DC, for respondent.

### DECISION[1]

On October 27, 2008, Wendy Strand (petitioner) filed a petition on behalf of her minor daughter, A.R.C., pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that as a result of receiving diphtheria-tetanus-acellular pertussis ("DTaP"), inactive polio virus ("IPV"), measles-mumps-rubella ("MMR"), haemophilus influenzae type B ("Hib"), and pneumococcal 7-valent conjugate ("PCV") vaccines on November 8, 2005, A.R.C. suffered from permanent spastic tetraparesis and leukodystrophy. Petitioner alleges that A.R.C. experienced the residual effects of these injuries for more than six

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

months.

On March 25, 2014, the parties filed a stipulation stating that a decision should be entered awarding compensation.

Respondent denies that A.R.C. suffers from a leukodystrophy, spastic tetraparesis, or a "novel case of vaccination induced central nervous white matter injury," or that the DTaP, IPV, MMR, Hib, and PCV vaccines are the cause of A.R.C.'s injuries or her current condition. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulated that petitioner shall receive the following compensation:

A lump sum of **$155,198.01**, for reimbursement of the State of New Jersey Medicaid lien. The award shall be in the form of a check payable to petitioner and

> New Jersey Department of Medical Assistance Services
> P.O. Box 416522
> Boston, MA 02241-5522
> Telephone: (877) 262-7835
> Re: Amaya Covin, Medicaid ID No. 800000030876; and

A lump sum of **$344,801.99** in the form of a check payable to petitioner as guardian or conservator of the estate of Amaya Covin, for the benefit of Amaya Covin. These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

Stipulation ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

> s/ Nora Beth Dorsey
> Nora Beth Dorsey
> Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| WENDY N. STRAND, as parent and legal representative of her minor daughter AMAYA REBECCA COVIN, ) ) ) ) | |
| Petitioner, ) ) | |
| v. ) ) ) | No. 08-763V<br>Special Master Nora Dorsey<br>ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, ) ) ) | |
| Respondent. ) ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of her daughter, Amaya Covin ("Amaya"), petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Amaya's receipt of the diphtheria-tetanus-acellular pertussis ("DTaP"), inactive poliovirus ("IPV"), mumps-measles-rubella ("MMR"), haemophilus influenzae type B ("Hib"), and pneumococcal 7-valent conjugate ("PCV") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Amaya received DTaP, IPV, MMR, Hib, and PCV vaccines on November 8, 2005.

3. These vaccines were administered within the United States.

4. In her petition, petitioner alleged that the DTaP, IPV, MMR, Hib, and PCV vaccines caused Amaya to develop permanent spastic tetraparesis and a leukodystrophy,

and that Amaya experienced the residual effects of these injuries for more than six months. Ultimately, the parties' medical experts agreed that Amaya likely did not suffer from a leukodystrophy, and in an expert report dated January 4, 2011, petitioner's expert opined that Amaya suffered from a "vaccination induced central nervous white matter injury."

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Amaya as a result of her condition.

6. Respondent denies that Amaya suffers from a leukodystrophy, spastic tetraparesis, or a "novel case of vaccination induced central nervous white matter injury," or that the DTaP, IPV, MMR, Hib, and PCV vaccines are the cause of Amaya's injuries, or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

a. A lump sum of **$155,198.01**, for reimbursement of the State of New Jersey Medicaid lien. The award shall be in the form of a check payable jointly to petitioner and

New Jersey Department of Medical Assistance Services
P.O. Box 416522
Boston, MA 02241-5522
Telephone: (877) 262-7835
Re: Amaya Covin, Medicaid ID No. 800000030876; and

b. A lump sum of **$344,801.99** in the form of a check payable to petitioner as guardian or conservator of the estate of Amaya Covin, for the benefit of Amaya Covin. This amounts represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa–15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of Amaya

3

as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of Amaya's estate under the laws of the State of New Jersey. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of Amaya's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of Amaya Covin at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of Amaya Covin upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and as legal representative of Amaya Covin, on behalf of herself, Amaya, and Amaya's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Amaya resulting from, or alleged to have resulted from, the DTaP,

IPV, MMR, Hib, and PCV vaccines administered on November 8, 2005, as alleged by petitioner in a petition for vaccine compensation filed on or about October 27, 2008, in the United States Court of Federal Claims as petition No. 08-763V.

15. If Amaya should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the DTaP, IPV, MMR, Hib, and PCV caused Amaya to suffer a leukodystrophy, spastic tetraparesis, or a "vaccination induced

central nervous white matter injury," or were the cause of any other injuries, or Amaya's current condition.

19. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of Amaya Covin.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

*Wendy N. St—*
WENDY N. STRAND

ATTORNEY OF RECORD FOR PETITIONER

RAMON RODRIGUEZ, ESQ.
RAWLS MCNELIS & MITCHELL
211 Rocketts Way, Suite 100
Richmond, VA 23231
Tel: (804) 782-0608

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

VITO CASERTA, M.D., M.P.H.
Acting Director, Division of Vaccine Injury Compensation (DVIC)
Director, Countermeasures Injury Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

TARA J. KILFOYLE
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 514-9729

Dated: 3/25/14