# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### Filed:  September 29, 2014

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| WENDY N. STRAND, as parent and legal | * | |
| representative of her minor daughter, | * | No. 08-763V |
| A.R.C., | * | |
| | * | |
| Petitioner, | * | |
| | * | Special Master Dorsey |
| v. | * | |
| | * | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | * | Reasonable Amount Requested to which |
| AND HUMAN SERVICES, | * | Respondent Does not Object. |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

Ramon Rodriguez, III, Rawls, McNelis and Mitchell, P.C., Richmond, VA, for petitioner.
Tara J. Kilfoyle, U.S. Department of Justice, Washington, DC, for respondent.

## ATTORNEYS' FEES AND COSTS DECISION[1]

      On October 27, 2008, Wendy Strand ("petitioner") filed a petition on behalf of her minor daughter, A.R.C., pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2006).  Petitioner alleged that as a result of receiving diphtheria-tetanus-acellular pertussis ("DTaP"), inactive polio virus ("IPV"), measles-mumps-rubella ("MMR"), haemophilus influenzae type B ("Hib"), and pneumococcal 7-valent conjugate ("PCV") vaccines on November 8, 2005, A.R.C. suffered from permanent spastic tetraparesis and leukodystrophy.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Otherwise, the entire decision will be available to the public.  Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On March 27, 2014, a decision was entered based on the parties' stipulation awarding compensation to petitioner.

On September 25, 2014, the parties filed a Stipulation of Facts Concerning Final Attorneys' Fees and Costs. According to the stipulation, the parties stipulate to a total award to petitioner of attorneys' fees and costs in the amount of $88,000.00. In accordance with General Order #9, petitioner's counsel represents that petitioner personally advanced $2,577.50, in reimbursable costs in pursuit of her claim.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of the parties' stipulation, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

(1) in the form of a check **jointly payable to petitioner and to petitioner's attorney**, Ramon Rodriguez, III, of Rawls, McNelis and Mitchell, P.C., in the amount of **$88,000.00**;

(2) in the form of a check payable to **petitioner only** in the amount of **$2,577.50.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.